1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA HABBERFIELD, an individual, KEONA KALU, an individual, KATIE RUNNELLS, an individual, JUANITA CARMET CACHADINA, an individual, SARAH HUEBNER, an individual, YESENIA VALIENTE, an individual, VERONICA WALTON, an individual, LISA MURPHY, an individual, NICOLE HILL, an individual, NICOLE STEWART, an individual, on behalf of themselves and all others similarly situated, | **CASE NO.: CV 22-3899-GW-JEMx** **ORDER REGARDING:** **(1) PRESERVATION OF LEGAL ARGUMENTS AND POSITIONS, AND** **(2) ENTRY AND CERTIFICATION OF FINAL JUDGMENT UNDER RULE 54(B)** HON. GEORGE H. WU United States District Judge |
| Plaintiffs, | Action Filed:        June 7, 2022 |
| v. | Trial Date:          TBD |
| BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, PRETTYLITTLETHING.COM USA INC., a Delaware corporation, PRETTYLITTLETHING.COM LIMITED, a United Kingdom private limited company, NASTYGAL.COM USA INC., a Delaware corporation, NASTY GAL LIMITED, a United Kingdom private limited company, and DOES 1-10, inclusive, | |
| Defendants | |

THIS MATTER came before the Court on the parties' Stipulation Regarding: (1) Preservation of Legal Arguments and Positions, and (2) Entry and Certification of Final Judgment Under Rule 54(b). Having considered the Stipulation and finding good cause for granting the request made therein, the Court hereby ORDERS that:

1.      Any legal arguments and positions Plaintiffs,[1] unnamed putative class members in the *Habberfield* Action,[2] and Defendants[3] have with regards to the Proposed Motion (as described in the parties' Stipulation), including the ability to file the Proposed Motion in the *Khan* Consolidated Actions,[4] relation back of claims to the *Khan* Consolidated Actions, statute of limitations, and length of the class period shall be preserved as of the date of the Parties' Stipulation in the event the recent agreement in principle to the material terms of a nationwide class settlement of the *Habberfield* Action is not consummated or is not granted final approval (inclusive of any objections and appeals), and no Party shall rely on the time period between the filing of the Parties' Stipulation and the filing of the Proposed Motion to support or oppose such motion.

2.      If the Court grants final approval of the *Khan* Settlement,[5] the Court's final order and judgment shall specify that the Court is entering, and certifying, final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the claims of the California class members covered by the *Khan* Settlement, as defined by the *Khan* Settlement because there is no just reason to delay the finality of the settlement and distribution of benefits under the *Khan* Settlement for the reasons stated in the Parties' Stipulation and adopted herein by the Court.

3.      In the event of and after the Final Settlement Date of the *Khan* Settlement (as

---

[1] Referring to Laura Habberfield, Keona Kalu, Katie Runnells, Juanita Carmet Cachadina, Sarah Huebner, Yesenia Valiente, Veronica Walton, Lisa Murphy, Nicole Hill, and Nicole Stewart, on behalf of themselves and all others similarly situated.

[2] Referring to *Habberfield, et al., v. Boohoo.com USA, Inc., et al.,* No. 2:22-cv-03899 GW (JEMx).

[3] Referring to Boohoo Group PLC, Boohoo.com USA, Inc., Boohoo.com UK Limited, PrettyLittleThing.com USA, Inc., PrettyLittleThing.com Limited, NastyGal.com USA, Inc., and Nasty Gal Limited.

[4] Referring to *Khan v. Boohoo.com USA Inc. et al.*, No. 2:20-cv-03332-GW (JEMx), *Hilton v. PrettyLittleThing.com USA, Inc.*, No. 2:20-cv-04658-GW (JEMx), and *Lee v. NastyGal.com USA Inc.*, No. 2:20-cv-04659-GW (JEMx)

[5] Referring to *Khan* Action, D.E. 133-1, Ex. 1.

defined in section 1.14 of the *Khan* Settlement), the California class claims in the *Khan* Consolidated Actions shall be dismissed on the Final Settlement Date (as defined in section 1.14 of the *Khan* Settlement), but the nationwide claims in the *Khan* Consolidated Actions shall not be dismissed as provided by Recital L of the *Khan* Settlement, and instead enforcement of Recital L shall be stayed pending the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in section 1.14 of the *Khan* Settlement).

4.      In the event of and after final approval of the *Khan* Settlement, the judgment as to the California class in the *Khan* Settlement shall be deemed to be final for all purposes pursuant to Federal Rule of Civil Procedure 54(b).

5.      The case numbers and docket in the *Khan* Consolidated Actions shall remain open and pending as to all claims other than those claims resolved by the *Khan* Settlement until the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the *Khan* Settlement) and further order of the Court.

5.      In the event of and after the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the *Khan* Settlement), including exhaustion of any appeals and/or resolution of objections, if any (*see Khan* Settlement § 1.14), the nationwide claims in the *Khan* Consolidated Actions shall be dismissed with prejudice and the *Khan* Consolidated Actions shall be closed.

**IT IS SO ORDERED.**

Dated: <u>November 22, 2022</u>

_____
HON. GEORGE H. WU
United States District Judge