**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA HABBERFIELD, an individual, KEONA KALU, an individual, KATIE RUNNELLS, an individual, JUANITA CARMET CACHADINA, an individual, SARAH HUEBNER, an individual, YESENIA VALIENTE, an individual, VERONICA WALTON, an individual, LISA MURPHY, an individual, NICOLE HILL, an individual, NICOLE STEWART, an individual, ME'LISA THIMOT, an individual, and MARIKA WALTON, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, PRETTYLITTLETHING.COM USA INC., a Delaware corporation, PRETTYLITTLETHING.COM LIMITED, a United Kingdom private limited company, NASTYGAL.COM USA INC., a Delaware corporation, NASTY GAL LIMITED, a United Kingdom private limited company, and DOES 1-10, inclusive,<br><br>Defendants | **CASE NO.: CV 22-3899-GW-JEMx**<br><br>**CLASS ACTION**<br><br>**REVISED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE, AND SCHEDULING ORDER**<br><br>HON. GEORGE H. WU<br>United States District Judge |

Case 2:22-cv-03899-GW-JEM   Document 56   Filed 05/18/23   Page 2 of 11   Page ID #:1777

WHEREAS, on June 7, 2022, Plaintiffs Laura Habberfield, Keona Kalu, Katie Runnells, Juanita Carmet Cachadina, Sarah Huebner, Yesenia Valiente, Veronica Walton, Lisa Murphy, Nicole Hill, Nicole Stewart, Me'Lisa Thimot, and Marika Walton (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, filed a class action lawsuit in this Court, as amended by a Second Amended Class Action Complaint filed on April 6, 2023, against Defendants Boohoo Group PLC, Boohoo.com USA, Inc., Boohoo.com UK Limited, PrettyLittleThing.com USA, Inc., PrettyLittleThing.com Limited, NastyGal.com USA, Inc., and Nasty Gal Limited (collectively, "Defendants") (the litigation described herein shall be referred to hereafter as the "Action");

WHEREAS, the Action was brought by Plaintiffs on behalf of a class of all individuals in the United States, excluding California, who purchased one or more "boohoo" products from the websites https://us.boohoo.com and https://www.boohooman.com/us/ or associated mobile phone applications ("Boohoo U.S. Websites") between April 1, 2016, through June 17, 2022; or who purchased one or more "PrettyLittleThing" products from the website https://prettylittlething.us or associated mobile phone application(s) ("PLT U.S. Website") between April 1, 2016 through June 17, 2022; or who purchased one or more "Nasty Gal" products from the website https://nastygal.com or associated mobile phone application(s) ("Nasty Gal U.S. Website") between February 28, 2017, through the June 17, 2022, at a purportedly discounted price and have not returned those purchases for a refund or store credit;

WHEREAS, on September 1, 2022, the Court consolidated this class action litigation (the "Action") for pretrial purposes with the following related actions: (1) *Khan v. Boohoo.com USA, Inc., et al.*, No. 2:20-cv-03332-GW (JEMx), (2) *Hilton v. PrettyLittleThing.com USA, Inc., et al.*, 2:20-cv-04658-GW (JEMx), and (3) *Lee v. NastyGal.com USA, Inc., et al.*, 2:20-cv-04659-GW (JEMx) (collectively referred to hereafter as the "Khan Action");

2
*Revised [Proposed] Order Granting Preliminary Approval of Class Settlement*   Case No. 2:22-cv-03899 GW (JEMx)

WHEREAS, Plaintiffs and Defendants have entered into a Class Action Settlement Agreement and Release, filed April 10, 2023, after arms-length settlement discussions (the "Settlement");

WHEREAS, the Court has received and considered the Settlement, including the accompanying exhibits;

WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of the Action, for the full and final resolution of the claims in the Action asserted by the class members on the terms and conditions set forth in the Settlement, and for the dismissal of the claims in the Action;

WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class Is Conditionally Certified.**

Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies the following Classes:

>   (a)     All individuals in the 49 states, other than California, including the District of Columbia, Guam, Puerto Rico, American Samoa, U.S. Virgin Islands, and Northern Mariana Islands, who made a purchase on https://us.boohoo.com or https://www.boohooman.com/us/ or associated mobile phone applications between April 1, 2016 and June 17, 2022, excluding any and all past or present officers, directors, or employees of Defendants, any judge who presides over this Action, and any partner or employee of Class Counsel.

>   (b)     All individuals in the 49 states, other than California, including the District of Columbia, Guam, Puerto Rico, American Samoa, U.S. Virgin Islands, and Northern Mariana Islands, who made a purchase on https://prettylittlething.us or associated mobile phone applications between April 1, 2016 and June 17, 2022, excluding any and all past or present officers, directors, or employees of Defendants, any judge who presides over this Action, and any partner or employee of Class Counsel.

>   (c)     All individuals in the 49 states, other than California, including the District of Columbia, Guam, Puerto Rico, American Samoa, U.S. Virgin Islands, and Northern Mariana Islands, who made a purchase on https://nastygal.com or associated mobile phone applications between February 28, 2017 and June 17, 2022, excluding any and all past or present

officers, directors, or employees of Defendants, any judge who presides over this Action, and any partner or employee of Class Counsel.

2. This conclusion is supported by the Court's finding, pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii), that it will likely be able to certify the Classes for purposes of judgment on the Settlement. More specifically, the Court finds that the parties have shown, at this stage, that they will likely be able to demonstrate that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) have been met, including: (a) numerosity, (b) commonality, (c) typicality, (d) adequacy of the class representatives and Class Counsel, (e) predominance of common questions of fact and law among the Classes for purposes of settlement, and (f) superiority.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiffs in the Action, Laura Habberfield, Keona Kalu, Katie Runnells, Juanita Carmet Cachadina, Sarah Huebner, Yesenia Valiente, Veronica Walton, Lisa Murphy, Nicole Hill, Nicole Stewart, Me'Lisa Thimot, and Marika Walton, as the class representatives.

4. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints Yasin Almadani and his firm Almadani Law, and Ahmed Ibrahim and his firm AI Law, PLC, as Class Counsel.

**B.     The Class Settlement Agreement Is Preliminarily Approved and Final Approval Schedule Set.**

5. The Court hereby preliminarily approves the Settlement and the terms and conditions set forth therein, including the Injunctive Relief provisions of section 2.10 of the Settlement, subject to further consideration at the Final Approval Hearing (referred to in the Settlement as the "Fairness Hearing") described below.

6. The Court has conducted a preliminary assessment of the Settlement and hereby finds, pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(i), that it will likely be able to approve the Settlement under the factors set forth in Federal Rule of Civil Procedure 23(e)(2) for fairness, reasonableness, and adequacy of the Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on a day that is at least 160 days after entry of this Order. Accordingly, the Final Approval Hearing will take place on November 2, 2023, at 8:30 a.m., in the Courtroom of the Honorable George H. Wu, United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California 90012, Courtroom 9D, for the following purposes:

(a)    finally determining whether the Classes meet all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Classes should be certified for purposes of effectuating the Settlement;

(b)    determining whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable and adequate and should be approved by the Court;

(c)    considering the application of Class Counsel for an award of attorneys' fees and reimbursement of costs, as provided for under the Agreement;

(d)    considering the applications of Plaintiffs for class representative incentive awards, as provided for under the Settlement;

(e)    considering whether the Court should enter the [Proposed] Final Order and Judgment;

(f)    considering whether the release of the Class Released Claims as set forth in the Settlement should be provided; and

(g)    ruling upon such other matters as the Court may deem just and appropriate.

8.      The Court may continue or adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members (defined in the Settlement in section 1.3 and referred to therein as the "Settlement Class Members").

9.      The Parties may further modify the Settlement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Settlement with such modifications as

may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10. Plaintiffs' applications for attorneys' fees, costs, and incentive awards must be filed no later than September 1, 2023, which is fourteen (14) days before the deadline for Class Members to submit objections to the Settlement or to opt out of the Settlement. All additional papers in support of the Settlement, or in support of the application for an award of attorneys' fees and expenses and/or class representative incentive awards, must be filed with the Court and served at least seven (7) days prior to the Final Approval Hearing.

### C. The Court Approves the Form and Method of Class Notice

11. The Court approves, as to form and content, the proposed Email Notice, Full Notice, Publication Notice, and Postcard Notice, which are Exhibits B, C, D, and E, respectively, to the Settlement. The Court further approves, as to form and content, the Notice of Distribution of Gift Cards, which Exhibit I to the Settlement.

12. The Court finds that the distribution of Notice substantially in the manner and form set forth in the Settlement meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13. The Court approves the designation of Kurtzman Carson Consultants LLC ("KCC") to serve as the Court-appointed Settlement Administrator for the settlement. The Settlement Administrator shall cause the Publication Notice and Full Notice to be published, to disseminate Email Notice and Postcard Notice pursuant to the terms set forth in the Settlement, and supervise and carry out the notice procedure, the distribution of benefits under the Settlement, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Settlement and this Order under the direction and supervision of the Court. Where dissemination of Postcard Notice is necessary under Section 3.4(c) of the Settlement, the Settlement Administrator shall mail all such Postcard Notices no later than ten (10) days after dissemination of Email Notice.

14. The Court directs the Settlement Administrator to establish a Settlement

Website, making available copies of this Order, Class Notice (i.e., the Full Notice, Email Notice, Postcard Notice, and Publication Notice), the Settlement and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Settlement. The Class Notice shall be made available to Class Members through the Settlement Website on the date notice is first published and continuously thereafter through the Final Settlement Date (and on the websites of Class Counsel at their option during the same period).

15. The Settlement Administrator is ordered to publish the Publication Notice in the manner set forth in section 1.21 of the Settlement once every week for four (4) consecutive weeks beginning no later than thirty (30) days after entry of this Order.

16. The costs of Notice, distribution of benefits to Class Members under the Settlement, creating and maintaining the Settlement Website, and all other Settlement Administrator and Notice expenses shall be paid by Defendants up to the maximum sum specified in the Settlement in accordance with the applicable provisions of the Settlement.

### D. Procedure for Class Members to Participate in the Settlement

17. Class Members are not required to submit a claim form in order to receive the benefits of the Settlement. Instead, the benefits in the form of the Gift Cards described in the Settlement (see section 2.1) shall be distributed to all Class Members who have not timely opted out of the Settlement.

18. The Settlement Administrator shall otherwise have the authority to accept or reject claims, if any, submitted by persons claiming to be Class Members in accordance with the Settlement.

19. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction. All Class Members who do not enter an appearance will be represented by Class Counsel.

### E. Procedure for Requesting Exclusion from the Class

20. All Class Members who do not timely exclude themselves from one or more of the Classes shall be bound by all determinations and judgments in the Action concerning

the Settlement, whether favorable or unfavorable to the Classes.

21. Any person falling within the definition of one or more of the Classes may, upon his or her request, be excluded from the Classes. To make this election, such person must send a signed letter or postcard to the Settlement Administrator no later than September 15, 2023, which is at least 120 calendar days from the date of this Order, stating: (a) the name and case number of the Action from which the Class Member seeks to be excluded, (b) the full name, email address, physical address, telephone number, and Class Member ID (available on the notice) of the person requesting exclusion; and (c) a signed statement that the Class Member is a legitimate Class Member in the Action and does not wish to participate in the Settlement of the Action, postmarked no later than the deadline stated above.

22. Any Class Member who does not send a signed request for exclusion postmarked or delivered on or before the time period described above will be deemed to be a Class Member for all purposes and will be bound by all judgments and further orders of this Court related to the settlement of the Action and by the terms of the Settlement, if finally approved by the Court. All persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement shall have no rights under the Settlement and shall not be bound by the Settlement or the Final Order and Judgment.

23. Within ten (10) calendar days after September 15, 2023, the Settlement Administrator shall serve on Class Counsel and Defendants' Counsel a list of Class Members who have timely and validly excluded themselves from the Settlement Class. Class Counsel shall file this list with the Court at or before the Final Approval Hearing.

**F.  Procedure for Objecting to the Settlement**

24. Any Class Member wishing to object to or oppose the approval of this Settlement, the motion for the incentive award to Plaintiffs, and/or Class Counsels' motion for attorneys' fees and costs, shall file with the Court a written objection no later than September 22, 2023, which is at least 120 calendar days from the date of this Order. The objecting Class Member must send a copy of the written objection and supporting

documents to the Court, Class Counsel, Defendants' counsel, and the Settlement Administrator listed in section 5.23 of the Settlement Agreement. To be timely, a written objection to the Settlement must be submitted no later than the above-stated deadline. The submission date is deemed to be the date the objection is deposited in the U.S. Mail, FedEx, or UPS as evidenced by the postmark. It shall be the objecting Class Member's responsibility to ensure receipt of any objection by the Court, Class Counsel, Defendants' Counsel, and the Settlement Administrator.

25. The objection must contain:

    (a) the name and case number of the Action;

    (b) the Class Member's full name, address, telephone number, and Class Member ID (available on the notice);

    (c) the words "Notice of Objection" or "Formal Objection";

    (d) in clear and concise terms, all legal and factual arguments supporting the objection, including supporting documentation;

    (e) facts supporting the person's status as a Class Member (e.g., either any unique identifier included by the Settlement Administrator in his or her notice such as the Class Member ID, or the date and location of his or her relevant purchases);

    (f) the Class Member's signature and the date;

    (g) the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding Class Membership are true and correct to the best of my knowledge"; and

    (h) for Class Members intending to make an appearance at the Final Approval Hearing (with or without counsel), the objection must also be accompanied by a "Notice of Intention to Appear"

26. Any Class Member who fails to timely file and serve a written Objection containing all the information listed in (a) through (h) of the previous paragraph shall be deemed to have waived any objections and will be foreclosed from making any objections

(whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement. Arguments not raised in the written objections shall be deemed intentionally waived.

27. If any objection is received by the Settlement Administrator, but not filed with the Court, the Settlement Administrator shall forward the Objection and all supporting documentation to Class Counsel and Counsel for Defendants. The failure of the Class Member to file the written objection with the Court shall be grounds for striking and/or overruling the objection, even if the objection is submitted to the Settlement Administrator.

28. Class Counsel will file with the Court their motions and briefs in support of Final Approval, the requested incentive awards for Plaintiffs, and attorneys' fees and costs, no later than September 8, 2023, which is fourteen (14) days before the deadline for Class Members to object to the Settlement or opt out of the Settlement.

29. Class Counsel and/or Defendants have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting member of the Class or to the individually hired attorney for the objecting member of the Settlement Class; to Class Counsel; and to Defendants' Counsel.

30. Based on the parties' Settlement Agreement and the foregoing provisions, the schedule in this matter shall be as follows:

| Event | Date/Deadline |
|---|---|
| Preliminary Order Issued | Thursday, May 18, 2023 |
| Deadline to Commence Publication Notice | Monday, June 19, 2023 |
| Deadline to Send Email Notice | Monday, July 17, 2023 |
| Deadline to Mail Postcard Notice | Thursday, July 27, 2023 |
| Deadline to File Motion for Final Approval and Motion for Attorneys' Fees, Costs, and | Friday, September 1, 2023 |

| | |
|---|---|
| Incentive Awards | |
| Deadline to Object or Opt Out | Friday, September 15, 2023 |
| Deadline for Settlement Administrator to Provide Opt-Out List to Counsel | Monday, September 25, 2023 |
| Deadline to Respond to Objections | Thursday, October 26, 2023 |
| Final Approval/Fairness Hearing | Thursday, November 2, 2023 at 8:30 a.m. |

31. All discovery in this Action is STAYED pending further order of the Court.

Dated: May 18, 2023

_____
Hon. George H. Wu
United States District Judge