## **Appendix A**

| Case | Multiplier | Holding |
|---|---|---|
| *In Re Merry-Go-Round Enterprise, Inc.* (Bankr. D. Md. 2000) 244 B.R. 327. | 19.6 | A 40% award for $71M fund awarded, resulting in a cross-check multiplier of 19.6. |
| *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, 2005 U.S. Dist. LEXIS 9705, 2005 WL 1213926 (E.D.Pa.). | 15.6 | An award of 20% of the $100M class fund, which amounted to a multiplier of 15.6. |
| *In re Cendant Corp. PRIDES Litigation*, 243 F.3d 722, 732 (3rd Cir. 2001) | 7 | An award of 5.7% of $341M settlement awarded, resulting in multiplier of 7. |
| *In Re IDB Communication Group, Inc., Sec. Litig.*, No. 94-3618 (C.D.Cal. Jan. 17, 1997)(Hupp, J.) | 6.2 | Multiplier of 6.2 (reflecting 16.5% of the settlement) was found to be reasonable. |
| *In re RJR Nabisco*, 1992 U.S. Dist. LEXIS 12702, 1992 WL 210138 | 6 | Awarding 25% of $72.5M resulting in a multiplier of 6 found reasonable. |
| *In re Charter Communications, Inc., Securities Litigation*, 2005 U.S. Dist. LEXIS 14772, 2005 WL 4045741, 18 (E.D.Mo. 2005) | 5.61 | Awarding 20% of the $146M settlement fund resulting in a multiplier of 5.61 found to be reasonable. |
| *Roberts v. Texaco, Inc.*, 979 F.Supp. 185, 197 (S.D.N.Y. 1997) | 5.5 | Multiplier of 5.5 (reflecting 16.7% of the settlement fund) found to be reasonable. |
| *Di Giacomo v. Plains All Am. Pipeline*, Nos. H-99-4137, H-99-4212, 2001 U.S. Dist. LEXIS 25532, at 31, 2001 WL 3463337 at 10 (S.D.Tex. Dec. 18, 2001) | 5.3 | Awarding 30% of $29.5M fund resulting in a multiplier of 5.3 found to be reasonable. |

## Appendix A

| | | |
|---|---|---|
| *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) | 5.2 | Multiplier of 5.2 (reflecting 25% of the settlement) was reasonable, because "there is there is ample authority for such awards resulting in multipliers in this range or higher." |
| *In re Beverly Hills Fire Litigation*, 639 F. Supp. 915 (E.D. Ky. 1986) | 5 | Loadstar multiplier of 5 (reflecting 28.5% of the $14M settlement fund) found to be reasonable. |
| *Perez v. Rash Curtis & Assocs.*, No. 4:16-cv-03396-YGR, 2021 U.S. Dist. LEXIS 189889, at *14 (N.D. Cal. Oct. 1, 2021) | 4.8 | Awarding 37% of class action settlement amount with a loadstar multiplier of 4.8 |
| *In re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706 (E.D.Pa.2001) | 4.5 - 8.5 | Multipliers of 4.5 to 8.5 (reflecting 25% of the $193M settlement fund) found to be "unquestionably reasonable." |
| *In re Xcel Energy, Inc. Sec., Derivative & ERISA Litig.*, 364 F. Supp. 2d 980 (D. Minn. 2005) | | Awarding 25% of $ 80M settlement resulting in a multiplier of 4.7 found to be reasonable. |
| *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-51 (9th Cir. 2002) | 3.65 | "[W]hile the primary basis of the fee award remains the percentage method, the lodestar may provide a perspective on the reasonableness of a given percentage award." "A multiplier of 3.65" (reflecting 28% of the settlement fund) was reasonable considering "the risks involved and the length of the litigation." Multipliers "ranging from one to four are frequently awarded […] when the lodestar method is applied." |
| *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal.1995) | 3.6 | Multiplier of 3.6 (reflecting 25% of the settlement) was reasonable and "well within the acceptable range for fee awards in complicated class action litigation" and explaining that "[m]ultipliers in the 3–4 range are common." |

## Appendix A

| | | |
|---|---|---|
| *Dandan Pan v. Qualcomm Inc.*, No. 16-cv-01885-JLS-DHB, 2017 U.S. Dist. LEXIS 120150, at *34 (S.D. Cal. July 31, 2017) | 3.5 | Awarding 29.6% of the settlement fund resulting in a loadstar multiplier of 3.5. |
| *Figueroa v. Capital One, N.A.*, No. 18cv692 JM(BGS), 2021 U.S. Dist. LEXIS 11962, at *28, *32 (S.D. Cal. Jan. 21, 2021) | 3.35 | Multiplier of 3.35 (reflecting 30% of the settlement) was found to be reasonable. |
| *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 256 (D.N.J. 2005) | 2.83 | Awarding $58.2M in attorney fees and expenses resulting in a loadstar multiplier of 2.83 |
| *In re Safety Components Int'l Sec. Litig.*, 166 F. Supp. 2d 72, 104 (D.N.J. 2001) | 2.81 | Multiplier of 2.81 (reflecting 33.33% of the settlement) was found to be reasonable. |
| *Orozco v. Ardent Cos.*, No. CV 18-2763-GW(SSx), 2020 U.S. Dist. LEXIS 258334, at *22 (C.D. Cal. Feb. 3, 2020) | 2.75 | Approving fee award of 27% of the gross class settlement amount resulting in a loadstar multiplier of 2.2 finding "such an award appropriate given the very favorable result obtained for the Class Members and the risks taken by Plaintiff's counsel in litigating this case." |
| *Gergetz v. Telenav, Inc.*, No. 16-CV-04261-BLF, 2018 WL 4691169, at *7 (N.D. Cal. Sept. 27, 2018) | 2.625 | Multiplier of 2.625 (reflecting 33.33% of the settlement) was reasonable "in light of the facts that Class Counsel accepted this case on a contingency basis, had to forego other work to litigate this case, and achieved a truly excellent result for the class." |
| *Johnson v. US Auto Parts Network, Inc.*, No. CV07-2030-GW(JCx), 2008 U.S. Dist. LEXIS 129036, at *12 (C.D. Cal. Oct. 9, 2008) | 2.41 | Approving fee award of 25% of settlement amount resulting in a loadstar multiplier of 2.41 finding the multiplier to be within reason. |
| *Abdullah v. United States Sec. Assocs.*, No. CV 09-9554 PSG (Ex), 2017 U.S. Dist. LEXIS 235743, at *30 (C.D. Cal. Dec. 4, 2017) | 2.4 | Finding that a loadstar multiplier of 2.4 "is appropriate here, where Class Counsel took this case on a contingent basis and achieved a significant recovery for the class." |

## Appendix A

| | | |
|---|---|---|
| *Sheikh v. Tesla*, Inc., No. 17-CV-02193-BLF, 2018 WL 5794532, at *8 (N.D. Cal. Nov. 2, 2018) | 2.36 | "[A] multiplier of 2.36 is within the range of reasonableness" (reflecting 17.7% of the settlement). |
| *In re Am. Inv'rs Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 263 F.R.D. 226, 245 (E.D. Pa. 2009) | 2.3 | "[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied," and thus a multiplier of 2.3 is safely within the range of multipliers awarded . . ." |
| *Munoz v. Pentair Water Pool & Spa, Inc.*, No. LA CV19-02310 JAK (SKx), 2021 U.S. Dist. LEXIS 220386, at *17 (C.D. Cal. Nov. 12, 2021) | 1.26 | Awarding 25% of the settlement finding that a loadstar multiplier of 1.26 "is *relatively low*, as '[m]ultiples ranging from one to four are frequently awarded in common fund cases when the loadstar method is applied.'" (citing Vizcaino, 290 F.3d at 1051) (emphasis added). |