# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HABBERFIELD, an individual, KEONA KALU, an individual, KATIE RUNNELLS, an individual, JUANITA CARMET CACHADINA, an individual, SARAH HUEBNER, an individual, YESENIA VALIENTE, an individual, VERONICA WALTON, an individual, LISA MURPHY, an individual, NICOLE HILL, an individual, NICOLE STEWART, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, PRETTYLITTLETHING.COM USA INC., a Delaware corporation, PRETTYLITTLETHING.COM LIMITED, a United Kingdom private limited company, NASTYGAL.COM USA INC., a Delaware corporation, NASTY GAL LIMITED, a United Kingdom private limited company, and DOES 1-10, inclusive,<br><br>Defendants | **CASE NO.: CV 22-3899-GW-JEMx**<br><br>**CLASS ACTION**<br><br>**FINAL SETTLEMENT ORDER AND JUDGMENT**<br><br>HON. GEORGE H. WU<br>United States District Judge |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement and Release dated April 6, 2023 (the "Settlement"), attached hereto as Exhibit A, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members who do not timely exclude themselves from one or more of the Classes. The list of excluded Settlement Class Members was previously filed with the Court and is attached hereto as Exhibit B.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies the following Classes:

   (a) All individuals in the 49 states, other than California, including the District of Columbia, Guam, Puerto Rico, American Samoa, U.S. Virgin Islands, and Northern Mariana Islands, who made a purchase on https://us.boohoo.com or https://www.boohooman.com/us/ or associated mobile phone applications between April 9, 2016 and June 17, 2022, excluding any and all past or present officers, directors, or employees of Defendants, any judge who presides over this Action, and any partner or employee of Class Counsel (the "Boohoo Class").

   (b) All individuals in the 49 states, other than California, including the District of Columbia, Guam, Puerto Rico, American Samoa, U.S. Virgin Islands, and Northern Mariana Islands, who made a purchase on https://prettylittlething.us or associated mobile phone applications between May 19, 2016 and June 17, 2022, excluding any and all past or present officers, directors, or employees of Defendants, any judge who presides over this Action, and any partner or employee of Class Counsel (the "PrettyLittleThing Class").

   (c) All individuals in the 49 states, other than California, including the District of Columbia, Guam, Puerto Rico, American Samoa, U.S. Virgin Islands, and Northern Mariana Islands, who made a purchase on https://nastygal.com or associated mobile phone applications between March 1, 2017 and June 17, 2022, excluding any and all past or present officers, directors, or employees of Defendants, any judge who presides over this Action, and any partner or employee of Class Counsel (the "Nasty Gal Class").

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or

entities who satisfy the Class definition above, except those Settlement Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5. For settlement purposes only, the Court finds:

(a) Pursuant to Federal Rule of Civil Procedure 23(a), Laura Habberfield is a member of the Nasty Gal Class, her claims are typical of the Nasty Gal Class, and she fairly and adequately protected the interests of the Nasty Gal Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Laura Habberfield as a class representative of the Nasty Gal Class;

(b) Pursuant to Federal Rule of Civil Procedure 23(a), Keona Kalu is a member of the Boohoo Class and Nasty Gal Class, her claims are typical of the Boohoo Class and Nasty Gal Class, and she fairly and adequately protected the interests of the Boohoo Class and Nasty Gal Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Keona Kalu as a class representative of the Boohoo Class and Nasty Gal Class;

(c) Pursuant to Federal Rule of Civil Procedure 23(a), Katie Runnells is a member of the Boohoo Class, her claims are typical of the Boohoo Class, and she fairly and adequately protected the interests of the Boohoo Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Katie Runnells as a class representative of the Boohoo Class;

(d) Pursuant to Federal Rule of Civil Procedure 23(a), Juanita Carmet Cachadina is a member of the Boohoo Class and Nasty Gal Class, her claims are typical of the Boohoo Class and Nasty Gal Class, and she fairly and adequately protected the interests of the Boohoo Class and Nasty Gal Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Juanita Carmet Cachadina as a class representative of the Boohoo Class and Nasty Gal Class;

(e) Pursuant to Federal Rule of Civil Procedure 23(a), Sarah Huebner is a member of the Boohoo Class, her claims are typical of the Boohoo Class, and she

fairly and adequately protected the interests of the Boohoo Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Sarah Huebner as a class representative of the Boohoo Class;

(f) Pursuant to Federal Rule of Civil Procedure 23(a), Yesenia Valiente is a member of the PrettyLittleThing Class, her claims are typical of the PrettyLittleThing Class, and she fairly and adequately protected the interests of the PrettyLittleThing Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Yesenia Valienta as a class representative of the PrettyLittleThing Class;

(g) Pursuant to Federal Rule of Civil Procedure 23(a), Veronica Walton is a member of the Boohoo Class, her claims are typical of the Boohoo Class, and she fairly and adequately protected the interests of the Boohoo Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Veronica Walton as a class representative of the Boohoo Class;

(h) Pursuant to Federal Rule of Civil Procedure 23(a), Lisa Murphy is a member of the PrettyLittleThing Class, her claims are typical of the PrettyLittleThing Class, and she fairly and adequately protected the interests of the PrettyLittleThing Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Lisa Murphy as a class representative of the PrettyLittleThing Class;

(i) Pursuant to Federal Rule of Civil Procedure 23(a), Nicole Hill is a member of the Boohoo Class, her claims are typical of the Boohoo Class, and she fairly and adequately protected the interests of the Boohoo Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Nicole Hill as a class representative of the Boohoo Class;

(j) Pursuant to Federal Rule of Civil Procedure 23(a), Nicole Stewart is a member of the Boohoo Class, PrettyLittleThing Class, and Nasty Gal Class, her claims are typical of the Boohoo Class, PrettyLittleThing Class, and Nasty Gal

Class, and she fairly and adequately protected the interests of the Boohoo Class, PrettyLittleThing Class, and Nasty Gal Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Nicole Stewart as a class representative of the Boohoo Class, PrettyLittleThing Class, and Nasty Gal Class;

(k)     Pursuant to Federal Rule of Civil Procedure 23(a), Me'Lisa Thimot is a member of the Boohoo Class and PrettyLittleThing Class, her claims are typical of the Boohoo Class and PrettyLittleThing Class, and she fairly and adequately protected the interests of the Boohoo Class and PrettyLittleThing Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Me'Lisa Thimot as a class representative of the Boohoo Class and PrettyLittleThing Class;

(l)     Pursuant to Federal Rule of Civil Procedure 23(a), Marika Walton is a member of the Boohoo Class, her claims are typical of the Boohoo Class, and she fairly and adequately protected the interests of the Boohoo Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Marika Walton as a class representative of the Boohoo Class;

(m)    The Classes meet all the requirements of Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) for certification of the class claims alleged in the operative complaint in this action, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among each of the Classes for purposes of settlement; and (f) superiority; and

(n)     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Classes for purposes of entering into and implementing the Settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

6.      Persons who filed timely exclusion requests are not bound by this Judgment or the terms of the Settlement and may pursue their own individual remedies against

Defendants Boohoo Group PLC, Boohoo.com USA, Inc., Boohoo.com UK Limited, PrettyLittleThing.com USA, Inc., PrettyLittleThing.com Limited, NastyGal.com USA, Inc., and Nasty Gal Limited (collectively, "Defendants"). However, such excluded parties are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement. The list of persons and entities excluded from one or more of the Classes because they filed timely and valid requests for exclusion is attached hereto as Exhibit B.

7. The Court directed that notice be given to Settlement Class Members by publication, e-mail, mail, and other means pursuant to the notice program proposed by the Parties in the Settlement and approved by the Court. The declaration from Kurtzman Carson Consulting (KCC) attesting to the dissemination of notice to the Classes demonstrates compliance with this Court's Order Granting Preliminary Approval of Class Settlement. The notice program set forth in the Settlement successfully advised Settlement Class Members of the terms of the Settlement, the Final Approval Hearing (referred to in the Settlement as the "Fairness Hearing"), and their right to appear at such hearing; their rights to remain in or opt out of one or more of the Classes and to object to the Settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Classes.

8. The distribution of notice to the Classes constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator and former United States district judge, the Honorable Irma E. Gonzalez (Ret.). The Court has considered any timely objections to the

Settlement and finds that such objections are without merit and should be overruled. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10. Upon entry of this Final Settlement Order and Judgment, the named Plaintiffs, and each Settlement Class Member other than those listed on Exhibit B, shall be deemed to have fully, finally, and forever released and discharged all Class Released Claims against all Released Parties, as defined in the Settlement.

11. All Settlement Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Settlement.

12. Plaintiffs initiated this action, acted to protect the Classes, and assisted their counsel. Their efforts have produced the Settlement entered into in good faith that provides a fair, reasonable, adequate, and certain result for the Classes. Plaintiff Laura Habberfield is entitled to an incentive award of $1,000. Plaintiff Keona Kalu is entitled to an incentive award of $1,000. Plaintiff Katie Runnells is entitled to an incentive award of $1,000. Plaintiff Juanita Carmet Cachadina is entitled to an incentive award of $1,000. Plaintiff Sarah Huebner is entitled to an incentive award of $1,000. Plaintiff Yesenia Valiente is entitled to an incentive award of $1,000. Plaintiff Veronica Walton is entitled to an incentive award of $1,000. Plaintiff Lisa Murphy is entitled to an incentive award of $1,000. Plaintiff Nicole Hill is entitled to an incentive award of $1,000. Plaintiff Nicole Stewart is entitled to an incentive award of $1,000. Plaintiff Me'Lisa Thimot is entitled to an incentive award of $1,000. Plaintiff Marika Walton is entitled to an incentive award of $1,000. Class Counsel is entitled to reasonable attorneys' fees in the amount of $3,000,000 and costs in the amount of $38,788. Claims administrator Kurtzman Carson Consultants, LLC is entitled to $1,000,000 for settlement administration costs.

13. The attorneys' fees and incentive awards requested by Plaintiffs which were not awarded to Class Counsel and the named Plaintiffs amount to $1,164,212. This sum shall be directed, split equally, to the *cy pres* organizations identified by the parties in Section 2.5 of their Settlement Agreement. Accordingly, the National Consumer Law

Center shall be entitled to receive $582,106, while BBB National Programs, Inc. shall also be entitled to receive $582,106 within 14 days of the entry of this Final Settlement Order and Judgment.14.   The Court hereby dismisses with prejudice the claims of the Settlement Class Members in this action and the Released Parties are hereby released from all further liability for the Released Claims.

15.   Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

16.   The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

17.   The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Settlement that are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Settlement.

IT IS SO ORDERED.

Dated: November 20, 2023

_____
HON. GEORGE H. WU,
United States District Judge